NOT DESIGNATED FOR PUBLICATION

Nos. 115,670
115,671
115,672
115,673


IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of D.T., E.T., K.T., and R.T.,
Minor Children Under the Age of Eighteen.


MEMORANDUM OPINION


Appeal from Reno District Court; PATRICIA MACKE DICK, judge. Opinion filed March 17, 2017. Affirmed.


*Candace S. Bridgess*, of Kansas Legal Services, for appellant mother.


*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., PIERRON and ATCHESON, JJ.


*Per Curiam*:  J.B. appeals the decision of the Reno County District Court terminating her parental rights, arguing the evidence fails to support termination. But J.B. fell short in key aspects of the plan aimed at reuniting her with her four children—most notably she could not remain drug free—and offered no realistic expectation her circumstances would improve in the foreseeable future. We, therefore, find no error in the district court's ruling and affirm.


The State filed petitions in December 2014 to have the children adjudicated in need of care. Each of the four children was the subject of a separate proceeding. But the

1

district court conducted combined hearings throughout the process, and the same lawyer represented J.B. in each case. The cases were functionally, though not formally, consolidated in the district court. The children—all boys, ranging in age from 4 to 10 years old when the petitions were filed—have been identified as D.T., E.T., K.T., and R.T.

The district court granted temporary custody of the children to the Secretary of the Department for Children and Families in early January 2015, and they were placed with a relative of their father. On January 30, 2015, the district court found the children to be in need of care. In the meantime, a reintegration plan was implemented and revised over the course of the court proceedings. In late August, the State requested a permanency hearing and sought a determination of unfitness and termination of J.B.'s parental rights. The district court held an evidentiary hearing on termination on January 20, 2016, and filed an order terminating J.B.'s parental rights on February 10.

The hearing evidence showed that J.B. used marijuana and methamphetamine when the children were taken into custody. J.B. completed an inpatient drug treatment program and then participated in substance abuse counseling for a while. She remained drug free between May and late August 2015. But in late August, J.B. again tested positive for illegal drugs. Periodic drug tests from then until a week before the termination hearing showed J.B. to have been regularly using marijuana and methamphetamine.

J.B. completed parenting classes, as required in the reintegration plan. But, at best, she only partially complied with other conditions. For example, J.B. needed to seek gainful employment and provide pay stubs and related documents to her assigned social worker. J.B. reported she had found a job at a fast food restaurant. The social worker was able to confirm that much only by observing J.B. working there. J.B., however, never submitted required documentation of the employment or her income. With respect to

2

housing, J.B. eventually moved to her father's home, a two bedroom residence where four adults were living. J.B. never provided a lease, as required by the reintegration plan. And the social worker determined that given the size and occupancy of the house, it would not have been a suitable place for four children to live. J.B.'s performance of other aspects of the plan were similarly mixed.

The district court concluded that the State had proved by clear and convincing evidence that J.B. was unfit to parent the children within the meaning of K.S.A. 2016 Supp. 38-2269 and that the circumstances were unlikely to change in the foreseeable future. The district court also found the best interests of the children would be served by terminating J.B.'s parental rights.

J.B. has timely appealed. The district court case for each child was docketed as a separate appeal. They have been formally consolidated in this court for briefing and disposition.

As we have indicated, J.B. challenges the sufficiency of the evidence supporting the district court's decision.

A parent has a constitutionally protected liberty interest in the relationship with his or her child. See *Santosky v. Kramer*, 455 U.S. 745, 753, 769-70, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re B.D.-Y.*, 286 Kan. 686, 697-98, 187 P.3d 594 (2008). Given the inherent importance and unique character of that relationship, the right has been deemed fundamental. Accordingly, the State may extinguish the legal bonds between parent and child only upon clear and convincing proof of parental unfitness. K.S.A. 2016 Supp. 38-2269(a); *In re R.S.*, 50 Kan. App. 2d 1105, Syl. ¶ 1, 336 P.3d 903 (2014). As provided in K.S.A. 2016 Supp. 38-2269(a), the State must prove the parent to be unfit "by reason of conduct or condition" making him or her "unable to care properly for a child" and that the circumstances are "unlikely to change in the foreseeable future." The statute contains a

3

nonexclusive list of nine conditions that singularly or in combination would amount to unfitness. K.S.A. 2016 Supp. 38-2269(b). And the statute lists four other factors to be considered if a parent no longer has physical custody of a child. K.S.A. 2016 Supp. 38-2269(c).

In reviewing a district court's determination of unfitness, an appellate court must be convinced, based on the full evidentiary record viewed in a light favoring the State as the prevailing party, that a rational factfinder could have found that decision "highly probable, *i.e.*, [supported] by clear and convincing evidence." *In re B.D.-Y.*, 286 Kan. at 705. The appellate court cannot weigh conflicting evidence, pass on the credibility of witnesses, or otherwise independently decide disputed questions of fact. 286 Kan. at 705. In short, any conflicts in evidence must be resolved to the State's benefit and against J.B.

Having found unfitness, the district court must then determine whether termination of parental rights is "in the best interests of the child." K.S.A. 2016 Supp. 38-2269(g). The district court makes that determination based on a preponderance of the evidence. *In re R.S.*, 50 Kan. App. 2d at 1116. The best-interests issue is essentially entrusted to the district court acting within its sound judicial discretion. 50 Kan. App. 2d at 1115-16. An appellate court reviews those sorts of decisions for abuse of discretion. A district court exceeds that broad latitude if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

With those legal principles in mind, we turn to J.B.'s challenge to the evidence. Most significantly, perhaps, J.B. continued to abuse illegal drugs, including methamphetamine, despite inpatient treatment and follow-up counseling. J.B. stopped

4

participating in aftercare against the advice of her caseworker and other professionals. In short, the pull of J.B.'s addiction caused her to abandon programs aimed at keeping her drug free. J.B. then returned to what appeared to be chronic abuse of methamphetamine, a particularly pernicious illicit drug. Persistent use of illegal drugs is one of the statutory grounds warranting a finding of parental unfitness. K.S.A. 2016 Supp. 38-2269(b)(3). Here, the evidence indicated J.B. would have been unable to care for her children for that reason. In addition, J.B.'s inability to persevere in drug counseling demonstrates an inability to adjust her circumstances to meet the needs of the children, another ground for finding unfitness. K.S.A. 2016 Supp. 38-2269(b)(8). Given J.B.'s failure to remain drug free despite inpatient treatment and later counseling, the district court appropriately concluded her substance abuse likely would not abate in any reasonably predictable time.

J.B. also failed to adhere to reasonable, court-ordered plans for employment and housing necessary to "the integration of the child[ren] into a parental home." K.S.A. 2016 Supp. 38-2269(c)(3). This, too, is a sufficient ground to terminate parental rights. K.S.A. 2016 Supp. 38-2269(b)(9). Although J.B. apparently had a job, she failed to provide information showing that she had the financial means to provide adequately for her children. She, likewise, failed to obtain housing that would allow her to live with her children in a suitable physical environment. Those circumstances bear on J.B.'s ability to provide the children minimally sufficient necessities, such as food and housing on a continuing basis, thereby avoiding their physical neglect. K.S.A. 2016 Supp. 38-2269(b)(4). Again, nothing in the record evidence suggested those circumstances would change, especially given J.B.'s ongoing abuse of methamphetamine.

The confluence of those conditions provides evidence from which a reasonable factfinder could conclude to a high probability that J.B. was unfit within the meaning of K.S.A. 2016 Supp. 38-2269(a). The evidence, likewise, supports the conclusion that those conditions would not improve in any foreseeable time. The district court, therefore, ruled correctly on those points and properly found J.B. unfit to parent her children.

J.B. briefly asserts the evidence failed to show that the children's best interests were served by terminating her parental rights. But J.B. outlines no other evidence to support that assertion and does not suggest the district court misapplied the law. Without belaboring the point, the district court understood the facts and the governing law. J.B. doesn't argue otherwise. The evidence was such that we comfortably conclude other district courts would have found the termination of J.B.'s parental rights promoted the children's best interests, especially in light of J.B.'s chronic drug abuse and her failure to demonstrate a realistic ability to provide for the children's physical needs on a continuing basis. The district court did not abuse its discretion in that ruling.

Affirmed.